**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael A. H. Ihsan, | ) | No. 05-CV-2546-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Mary E. Bruno, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**I.**

The Court has before it defendant Mary Bruno's and defendant Michael Lungaretti's motion to dismiss (doc. 7) and supplement thereto (doc. 8), Total Systems Services, Inc.'s ("TSS") joinder (doc 10), Vital Processing Services, LLC's ("VPS") joinder (doc. 11), VISA USA, Inc.'s ("VISA") joinder (doc. 12), plaintiff's response (doc. 9), and defendant Mary Bruno's and defendant Michael Lungaretti's reply (doc. 13).  The Court also has before it plaintiff's Motion to Strike (doc. 15), and defendant Mary Bruno's and defendant Michael Lungaretti's response (doc. 14).  The Court also has before it plaintiff's motion to discover supportive evidence (doc. 16), and defendant Mary Bruno's and defendant Michael Lungaretti's response (doc. 25).  The Court also has before it plaintiff's motions for Fed. R. Civ. P. 7.1(a) disclosure statements from VPS (doc. 17) and TSS (doc. 18), and defendant Mary Bruno's and defendant Michael Lungaretti's response (doc. 24).  The court also has

1    before it plaintiff's motion for joinder of VISA and TSS d/b/a VPS pursuant to Fed. R. Civ.

2    P. 20 (doc. 26), plaintiff's motion for joinder of VISA pursuant to Fed. R. Civ. P. 19 (doc.

3    27), plaintiff's motion to amend the complaint to name TSS as a party (doc. 28), plaintiff's

4    motion to amend the complaint to name VPS as a party (doc. 29), plaintiff's motion to amend

5    the complaint to name VISA as a party (doc. 30), defendant Mary Bruno's and defendant

6    Michael Lungaretti's response to these motions (doc. 31), and plaintiff's reply (doc. 34).  The

7    court also has before it defendant Mary Bruno's and defendant Michael Lungaretti's request

8    for a Rule 16 Scheduling Conference (doc. 32), plaintiff's response (doc. 33), and defendant

9    Mary Bruno's and defendant Michael Lungaretti's reply (doc. 35).

10                                               **II.**

11          On August 31, 1999, plaintiff filed an action against VISA, TSS, VPS, Victoria

12    Strayer and Juan Medina for relief pursuant to the Americans with Disabilities Act.

13    Motion to Dismiss at 2.  The court dismissed defendants Strayer and Medina on

14    December 9, 1999, Motion to Dismiss at 2, and dismissed defendant VISA and granted

15    summary judgment for defendants TSS and VPS in an order entered February 25, 2003,

16    Motion to Dismiss, Exhibit 5 (Order) at 21.  The clerk entered judgment for defendants

17    on February 26, 2003.  Motion to Dismiss, Exhibit 6 (Judgment).  The judgment was

18    affirmed by the Court of Appeals for the Ninth Circuit on February 26, 2004.  Motion to

19    Dismiss, Exhibit 12 (Memorandum).  The Supreme Court denied plaintiff's petition for a

20    writ of certiorari on June 28, 2004.  Motion to Dismiss, Exhibit 14 (Letter from the Office

21    of the Clerk).

22          Plaintiff now seeks relief from the order entered on February 25, 2003 and the

23    judgment entered on February 26, 2003 pursuant to Fed. R. Civ. P. 60(b)(3), which

24    provides in relevant part that "[o]n motion and upon such terms as are just, the court may

25    relieve a party or a party's legal representative from a final judgment, order, or proceeding

26    for . . . fraud . . . , misrepresentation, or other misconduct of an adverse party."  The

27    motion must be made within one year of the judgment or order at issue.  Fed. R. Civ. P.

28    60(b).  This limitations period is not tolled during an appeal.  Nevitt v. United States, 886

1  F.2d 1187, 1188 (9th Cir. 1989).  The limitations period expired on February 26, 2004.

2  Plaintiff filed this action on August 25, 2005.  Accordingly, plaintiff's request for relief

3  pursuant to Rule 60(b)(3) is time-barred.[1]

**III.**

5  Fed. R. Civ. P. 60(b) "does not limit the power of the court to entertain an

6  independent action to relieve a party from a judgment [or] order, . . . or to set aside a

7  judgment for fraud upon the court."  The Rule 60(b)(3) limitations period does not apply

8  to an independent action.  See Fed. R. Civ. P. 60.  A pro se litigant such as Ihsan is

9  "entitled to great leeway when the court construes his pleadings."  Brazil v. United States

10  Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).  Accordingly, we consider plaintiff's

11  complaint as an independent action unrestricted by Rule 60(b).

**A.**

13  Plaintiff's briefings, while extremely difficult to understand, appear to allege that

14  Chief Judge McNamee, who presided over the underlying action, was biased in favor of

15  defendants, and accordingly fraudulently colluded with defendants to wrongly interpret

16  the requirements of Ariz. R. Civ. P. 4.1(k), thereby causing plaintiff's service of process

17  to be declared invalid and the case against VISA dismissed.  Response to Motion to

18  Dismiss at 5, 7.  Plaintiff appealed the underlying judgment based upon these allegations.

19  Motion to Dismiss, Exhibit 7 (Notice of Appeal) at 4-5; Motion to Dismiss, Exhibit 8

20  (Appellant's Opening Brief) at 2, 4; Motion to Dismiss, Exhibit 10 (Appellee's Response

21  Brief) at 29-31.[2]  The Court of Appeals for the Ninth Circuit affirmed the judgment on the

23  [1] The drafters of Fed. R. Civ. P. 60 clearly intended that a motion for relief pursuant
24  to subsection (b)(3) be brought in the action in which the judgment was rendered.  Fed. R.
Civ. P. 60, advisory committee's note of 1946.  However, we need not consider this matter
25  because the motion is time-barred, and because we also consider plaintiff's complaint as an
independent action unrestricted by Rule 60.
26

27  [2] We need not convert the motion to dismiss into a motion for summary judgment to
consider the court records of related proceedings.  Kourtis v. Cameron, 419 F.3d 989, 994,
28  n.2 (9th Cir. 2005).

1   ground that appellant did "not point to any evidence in the record of judicial bias."

2   Motion to Dismiss, Exhibit 12 (Memorandum) at 2.

3        Defendant argues that plaintiff is estopped from relitigating this matter.  Motion to

4   Dismiss at 13-15.  "To foreclose relitigation of an issue under collateral estoppel: (1) the

5   issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must

6   have been actually litigated in the prior litigation; and (3) the determination of the issue in

7   the prior litigation must have been a critical and necessary part of the judgment in the

8   earlier action."  Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir. 1992).

9   Here, the judicial bias issue was litigated by plaintiff before the Court of Appeals for the

10  Ninth Circuit, and the finding that there was no judicial bias was critical to the decision to

11  affirm the judgment of the district court.   Plaintiff is therefore estopped from relitigating

12  this issue.

13  **B.**

14       Plaintiff also appears to allege an independent claim that defendants Bruno and

15  Lungaretti fraudulently misstated the requirements of Ariz. R. Civ. P. 4.1(k) to the court.

16  Essentially, plaintiff attempts to relitigate the Rule 4.1(k) issue by describing defendants'

17  legal arguments as "fraudulent" arguments: "[Defendants'] claim is verbally stating that a

18  'named officer or partner or manager or authorizes agent must be named to receive the

19  summons and complaint on the behalf of Visa, U.S.A.' and to quote the defendant Mr.

20  Lungaretti, the Az.Rule makes it 'Requisite Specific to name that person'  This is the

21  Fraud [sic] . . . ."  Response to Motion to Dismiss at 5.

22       Parties litigated the meaning of Rule 4.1(k) before the district court, and the court

23  rendered final judgment against plaintiff on that issue.  Motion to Dismiss, Exhibit 3

24  (Defendant VISA U.S.A. Inc.'s Motion to Dismiss and Opposition to Application for

25  Entry of Default and Default Judgment) at 3-4; Motion to Dismiss, Exhibit 4

26  (Memorandum of Decision and Order) at 5; Motion to Dismiss, Exhibit 5 (Order) at 5-6.

27  Accordingly, plaintiff is estopped from relitigating this issue.  Plaintiff cannot evade the

28

1 | doctrine of collateral estoppel by characterizing a legal argument as a fraudulent

2 | argument.

3 | **IV.**

4 | To the extent that plaintiff filed this action pursuant to Fed. R. Civ. P. 60(b)(3),

5 | plaintiff fails to state a claim upon which relief can be granted because the action is time-

6 | barred.  To the extent that plaintiff filed this independent action to relieve plaintiff from

7 | the adverse order and judgment, or as an independent action to set aside the judgment for

8 | fraud on the court, plaintiff's claim is barred by collateral estoppel.

9 | **IT IS ORDERED GRANTING** defendant Mary Bruno's and defendant Michael

10 | Lungaretti's motion to dismiss (doc. 7) to which Total Systems Services, Inc., Vital

11 | Processing Services, LLC, and VISA USA, Inc., joined (docs. 10, 11, 12).

12 | **IT IS FURTHER ORDERED DENYING** as moot plaintiff's Motion to Strike,

13 | which repeats the arguments of the response to the motion to dismiss (doc. 15).

14 | **IT IS FURTHER ORDERED DENYING** as moot plaintiff's motion to discover

15 | supportive evidence (doc. 16).

16 | **IT IS FURTHER ORDERED DENYING** as moot plaintiff's motion for a Fed.

17 | R. Civ. P. 7.1(a) disclosure statement from Vital Processing Services, LLC (doc. 17).

18 | **IT IS FURTHER ORDERED DENYING** as moot plaintiff's motion for a Fed.

19 | R. Civ. P. 7.1(a) disclosure statement from Total System Services, Inc. (doc. 18).

20 | **IT IS FURTHER ORDERED DENYING** as moot plaintiff's motion for joinder

21 | of VISA USA, Inc. and Total Systems Services, Inc. d/b/a Vital Processing Services, LLC

22 | pursuant to Fed. R. Civ. P. 20 (doc. 26).

23 | **IT IS FURTHER ORDERED DENYING** as moot plaintiff's motion for joinder

24 | of VISA USA, Inc. pursuant to Fed. R. Civ. P. 19 (doc. 27).

25 | **IT IS FURTHER ORDERED DENYING** as moot plaintiff's motion to amend

26 | the complaint to name Total System Services, Inc. as a party (doc. 28).

27 | **IT IS FURTHER ORDERED DENYING** as moot plaintiff's motion to amend

28 | the complaint to name Vital Processing Services, LLC as a party (doc. 29).

1          **IT IS FURTHER ORDERED DENYING** as moot plaintiff's motion to amend

2    the complaint to name VISA USA, Inc. as a party (doc. 30).

3          **IT IS FURTHER ORDERED DENYING** as moot defendant Mary Bruno's and

4    defendant Michael Lungaretti's request for a Rule 16 Scheduling Conference (doc. 32).

5          All claims having been dismissed, the clerk is requested to enter judgment in

6    defendants' favor.

7          DATED this 20th day of December, 2005.

8

9

10

11

12

13

14

15                              Frederick J. Martone
                                United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28